**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Rodriguez and John Juan Rodriguez, as parents and next friends of their minor and incapacitated child C.R., <br><br> Plaintiffs, <br><br> vs. <br><br> Casa Grande Elementary School District #4, a body politic of the municipality of Casa Grande, Arizona, et al., <br><br> Defendants. | No.   CV10-1904-PHX-DGC <br><br> **ORDER** |

Defendants Mary and Gilbert Rascon move to dismiss the Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 9. Plaintiffs oppose and move for summary judgment under Rule 56. Docs. 20, 21. The motion to dismiss has been fully briefed. Docs. 9, 20, 23. The summary judgment motion has been briefed and responded to. Docs. 20, 21. Plaintiffs filed an untimely motion to extend time to file a reply (Doc. 35) and an untimely reply (Doc. 34); the Court will disregard both documents. For the reasons stated below, the Court will grant in part and deny in part Defendants' motion to dismiss and deny Plaintiffs' motion for summary judgment.[1]

**I.   Background.**

Plaintiffs are Valerie and John Juan Rodriguez, parents of C.R. Docs. 6-1, 7-1. C.R.

---

[1] The parties' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

is a minor (11 years old when the incidents occurred) who has a mental disability and is a student in the Casa Grande Elementary School District #4. Doc. 7-1. Rascon is an aide on a school bus for special-needs children; the bus driver was Patricia Watson, another defendant in this case. *Id.* at 5. On April 8, 2009, Rascon is alleged to have committed four discrete actions or omissions. First, she stood by while Watson pulled C.R. by the ankles, pulled off C.R.'s shoes, and held C.R. upside down by her ankles. *Id.* at 4. Second, Rascon lifted C.R. by her wrist during or after Watson's episode of physical handling of C.R. *Id.* at 3. Third, Rascon stood by while Watson, after later getting off the bus and returning, pulled C.R.'s arms around her neck and choked the child in this manner for nearly two minutes. *Id.* at 5. Fourth, Rascon failed to notify authorities of Watson's conduct, as required by Arizona law. *Id.* at 6. Plaintiffs allege several claims against Rascon: negligence *per se*, intentional infliction of emotional distress, failure to report under A.R.S. § 13-3620(A)(4), and deprivation of civil liberties under 42 U.S.C. § 1983 for Rascon's alleged complicity in Watson's conduct.[2] Doc. 7-1 at 1, 6; Doc. 20 at 9.

**II.   Discussion.**

Defendant Rascon makes four arguments: (1) Plaintiffs' failure to exhaust remedies under the Individuals with Disabilities Education Act ("IDEA") bars the complaint against Rascon; (2) Plaintiffs' failure to issue a notice of claim under A.R.S. § 12-821.01(A) (2003) bars the state law claims; (3) Rascon is entitled to qualified immunity for the § 1983 claims; and (4) Plaintiffs failed to make a prima facie case for each of their claims.

**A.   Claims Under Arizona Law.**

Under Arizona law, Plaintiffs who sue a public employee must serve the defendant with a notice of claim. A.R.S. § 12-821.01(A). As this Court recognized in *Nored v. City of Tempe*, 614 F. Supp.2d 991, 995 n.3 (D. Ariz. 2008), Arizona law is unclear about whether the notice-of-claim statute is jurisdictional. Nonetheless, the Arizona Supreme Court has

---

[2] Although Plaintiffs' complaint also suggests claims of assault, battery, and negligent infliction of emotional distress, Plaintiffs state in their response to Defendants' motion to dismiss that these claims do not apply to Mary Rascon. Doc. 20 at 6 n.2.

- 2 -

clearly stated that "[a]ctual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006).

Plaintiffs concede that they have not given a notice of claim to Defendant Rascon. Doc. 20 at 12-13. They propose solutions to cure the deficiency, such as treating the service of the complaint as service of a notice of claim and waiving the notice requirement. *Id.* They also assert that § 12-821.01(D) would permit refiling due to C.R.'s status as both a minor and an individual with a mental disability. Doc. 20 at 12. Defendants do not agree with the proposed cures, although they do not dispute Plaintiffs' assertion about refiling. Doc. 9 at 7. Because Arizona treats the requirement of a notice of claim strictly and Defendant has not agreed to a proposed cures, the Court will dismiss Plaintiffs' state law claims without prejudice. In light of this dismissal, the Court will deny Defendant's remaining arguments with respect to Plaintiffs' state claims as moot.[3]

Although the Court has dismissed Plaintiffs' state law claims, it will address Defendants' IDEA exhaustion argument because it has been fully briefed and may arise again in this litigation. Defendants rely on *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1049-50 (9th Cir. 2002), for the proposition that even though Plaintiffs seek only monetary damages they are required to exhaust administrative remedies under IDEA. They also rely on *Robb* and *Kutasi v. Las Virgenes Unif. Sch. Dist.*, 494 F.3d 1162, 1167 (9th Cir. 2007), for the rule that exhaustion is required even if relief for injuries could be administratively redressed only to a degree.[4]

---

[3] Defendants' argument that Plaintiffs' state law claims fail to make a *prima facie* showing of liability (Doc. 9 at 11-14) is moot in light of this Court's dismissal of those claims. Should Plaintiffs re-file after complying with notice-of-claim requirements, assuming that they would be entitled to do so, Plaintiffs would be well advised to plead sufficient facts to show that they are entitled to relief.

[4] Defendants also contend that "a special education administrative law judge . . . should first exercise its discretion and educational expertise with respect to a full exploration of the technical educational issues involved with the best practices for managing the behavior

- 3 -

Neither case is availing under the facts of this action because neither case involves damages for physical or emotional injury as a result of physical handling by a school employee. Though *Robb* acknowledged that limiting relief to monetary damages does not necessarily excuse failure to exhaust, the court also noted that the relief available under an administrative remedy must be "suitable to remedy the wrong done the plaintiff," even if the relief is not in the form the plaintiff prefers. *Robb*, 308 F.3d at 1049. The "source and nature of the alleged injuries for which [plaintiff] seeks a remedy" are relevant to the inquiry. *Id.* at 1050. While *Kutasi* went further to conclude that plaintiffs have the burden of showing the futility of exhaustion, *Kutasi* also recognized that "[i]f the plaintiff seeks a remedy for an injury that could not be redressed by the IDEA's administrative procedures, then . . . exhaustion is unnecessary." *Kutasi*, 494 F.3d at 1168.

*Kutasi* also reinforced *Robb*'s limiting of the holding in *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271 (9th Cir. 1999) – where the court had found that exhaustion was not necessary – on account of the fact that the plaintiff in *Witte* alleged physical injury such as being "force-fed oatmeal, strangled and subjected to emotional abuse." *Kutasi*, 494 F.3d at 1168-69. *Witte* recognized that "[t]he remedies available under the IDEA would not appear well suited to addressing past physical injuries adequately; such injuries typically are remedied through an award of money damages." *Witte*, 197 F.3d at 1276.

This is not a motion for summary judgment – it is a motion to dismiss for failure to state a claim, where a plaintiff's factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). There is no indication here that the school district would be equipped to treat C.R., even to a degree, for physical or emotional damage she may have suffered as a result of the alleged physical handling. Moreover, this case is more similar to *Witte* than to *Robb*

---

of special education students in general and this student in particular." Doc. 23 at 9. But Defendants cite no case for the proposition that IDEA exhaustion is rooted in the heightened competence of an administrative law judge. In fact, Defendants' primary cases – *Robb* and *Kutasi* – base IDEA exhaustion in the remedial nature of administrative action.

- 4 -

or *Kutasi*, because *Witte* is the only case of the three that involved allegations of past physical injury. Without deciding that claims for damages due to alleged physical injury are presumed to not require exhaustion, it suffices that the facts developed at this stage of the litigation do not warrant a finding that exhaustion under IDEA is required.

### B. Claim Under § 1983.

To establish a claim under § 1983, a plaintiff must show conduct by a person acting under color of state law that violated the Constitution or a federal statute. 42 U.S.C. § 1983; *Maine v. Thiboutot*, 448 U.S. 1, 4-5 (1980); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiffs identify the federally-protected right as being a public school student's right to be free from "unjustified intrusions on personal security" as recognized in *Ingraham v. Wright*, 430 U.S. 651 (1977), *Sandin v. Connor*, 515 U.S. 472 (1995), and *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175 (2007).

Defendants correctly point out that, in the Ninth Circuit, personal participation of a defendant in the unlawful act is required – mere presence at the scene is not sufficient. *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). In this case, however, Plaintiffs allege that Rascon lifted C.R. by her wrist during Watson's first round of physical handling. Doc. 7-1 at 3. Accepting this allegation as true, as the Court must in deciding a motion to dismiss, the Court cannot dismiss the § 1983 claim for Rascon's lack of participation.

Defendants' argument for qualified immunity rests on the proposition that Rascon's behavior does not rise to the level of violative conduct as a matter of law because the type of touching involved is not constitutionally prohibited. Doc. 9 at 10. It appears, however, that the intensity of C.R's physical handling by Rascon cannot be separated, at least on the basis of these pleadings, from the proximity in time to Watson's conduct. Whether Rascon's wrist-grasping exacerbated any physical or emotional injuries C.R. suffered from Watson's conduct – and thereby rises to the level of unjustified intrusion of physical security – appears to be an issue of fact that must await summary judgment or trial.

**C.     Partial Summary Judgment.**

Because the Court is dismissing Plaintiffs' state law claims against Rascon without prejudice, Plaintiffs' motion for partial summary judgment on those claims is moot. Moreover, Plaintiffs' request for summary judgment on the § 1983 claim against Rascon is premature. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (indicating that summary judgment is appropriate after "adequate time for discovery"). Even if the Court were to treat the premature summary judgment motion as a motion for judgment on the pleadings, the Rascons have not yet answered the Complaint and their motions to date make sufficient factual assertions that, if true, would make judgment on the pleadings inappropriate.

As a closing note, the Court expects future process and pleadings in this case, particularly those from Plaintiffs' counsel, to comport with a higher level of diligence, timeliness, clarity, and organization.

**IT IS ORDERED:**

1. The Rascon Defendants' motion to dismiss (Doc. 9) is **granted in part** and **denied in part** as stated in this order.
2. Plaintiffs' motion for partial summary judgment (Doc. 21) is **denied as moot in part** and **premature in part**.

DATED this 8th day of November, 2010.

David G. Campbell
United States District Judge